UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF RISK MANAGEMENT, GREG PRESSEL, MARY ELLEN COMBO, JOHN DOE, JANE DOE,<br><br>    Defendants. | CASE NO. C13-6036 BHS-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT |

This matter has been referred to United States Magistrate Judge, Karen L. Strombom, pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. The case is before the undersigned because Plaintiff, Cullen Hankerson, filed and noted a motion to amend his complaint (Dkt. 23) which Defendants oppose. Dkt. 28 and 29. After review of the pleadings and Mr. Hankerson's litigation history in this district and the Ninth Circuit, the undersigned concludes that Mr. Hankerson delayed unduly in filing his proposed amended complaint, that he filed his amended complaint to improperly expand the scope of this litigation,

1  to harass Defendants, and that Defendants would be prejudiced by the amendment because they
2  would be forced to litigate the same claims in two concurrent actions.

### PRIOR LITIGATION HISTORY

Prior to this action being removed from state court Mr. Hankerson had at least three actions in this District or the Ninth Circuit dismissed as frivolous, or for failure to state a claim. These actions include:

1. C07-5154 RBL/JKA, (Dismissed for failure to state a claim).

2. C09-5306 RBL/JRC (dismissed as frivolous)

3. Ninth Circuit Appeal from dismissal of C13-5182 BHS/JRC (dismissal of appeal as frivolous).

Now that 28 U.S.C. § 1915 (g) prevents Mr. Hankerson from filing actions in Federal Court without either paying the filing fee or showing that he is in imminent danger of serious injury or death, he has begun filing actions in state court.

Defendants object to Mr. Hankerson's motion to amend and they list no less than five actions that Plaintiff has filed in state courts.  Dkt. 28 pp 2-4.

### PROCEDURAL HISTORY AND FACTS

This action was removed from state court.  Dkt. 1.  In the complaint Plaintiff complains that he lost legal material when he was transferred from Pierce County Jail to the Department of Corrections and that he was denied access to courts as a result of that loss.  He seeks to sue the person who denied his related tort claim, and the Assistant Attorney General who represented the state in a prior suit regarding the denial of his related state tort claim. Dkt. 1 pp. 14-17.  The issue of Mr. Hankerson's legal material has been litigated and lost in federal court under cause number C13-5182 BHS/JRC.  *See*, Report and Recommendation in C13-5182 BHS/JRC Dkt. 71. Mr. Hankerson also attempted to raise this issue in C14-5237 RJB/JRC.  *See*, proposed

complaint C14-5237 RJB/JRC Dkt. 1-1 p. 7.  Thus, the underlying basis for Plaintiff's claim, loss of legal material, has already been adjudicated.

When Defendants removed the action from state court they filed an answer (Dkt. 5) and the undersigned entered a scheduling order.  Dkt. 6. Plaintiff filed a proposed amended complaint without filing a motion or noting the matter consideration.  Dkt. 8.  Because Defendants had filed an answer, Plaintiff needed leave of court to amend his complaint. *See*, Fed. R. Civ. P. 15(a)(2).  But because Plaintiff failed to note his proposed complaint on the motion calendar the complaint was never considered.  Plaintiff also filed an answer or response to Defendants answer to the complaint.  Dkt. 7.  An answer to an answer is not a pleading allowed under the Federal Rules of Civil Procedure.  Thus, as Defendants note, neither Plaintiff's first proposed amended complaint, nor the improper response to an answer, were considered by the undersigned.  Dkt. 28, p. 4.

The time allotted for discovery had almost expired before Mr. Hankerson filed a motion asking for an extension of the scheduling order deadlines.  Dkt. 16.  Defendants originally opposed the continuance and pointed out that Mr. Hankerson had not conducted any discovery despite his having had over 90 days to do so.  Dkt. 17.  Then counsel withdrew from the action (Dkt. 18) and new counsel withdrew Defendants' objections to a continuance. Dkt. 20.  In fact, the parties stipulated to a new scheduling order and the undersigned adopted that stipulation. Dkt. 21 and 22.

Plaintiff filed his motion to amend the complaint (Dkt. 23) and defendants filed a motion for summary judgment. Dkt. 24.  Other pending motions that are not yet ripe followed.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) addresses amendment of the complaint before trial and states:

(a) Amendments Before Trial.

    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2) applies to this case. A court's decision to deny a motion to amend is reviewed for abuse of discretion, but there are policy reasons for liberally granting motions to amend when justice so requires. *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir, 1997). The factors the undersigned considers include undue delay, bad faith, prejudice to the opponent, and futility. *Id*.

    Here, three of the four factors favor denial of Plaintiff's motion. Plaintiff has had over six months to conduct discovery, but according to Defendants he has not propounded any discovery. Defendants' statement appears to be true, even though Plaintiff has a pending motion to compel discovery before the undersigned. *See*, Dkt. 30 and 37. In Plaintiff's motion regarding discovery he attaches a letter regarding discovery from a state court action and he does not provide any evidence that he requested discovery in this action. Dkt. 30, Appendix "B." Plaintiff's four month delay in filing his motion to amend the complaint without conducting any discovery is evidence that his motion is made for an improper purpose.

    The second factor, bad faith, provides further evidence that Plaintiff's motion should be denied. The Federal Court considered Plaintiff's allegations regarding his inability to bring legal material from the Pierce County Jail to the Department of

Corrections and his allegation that he was denied access to courts because of the loss of that material in C13-5182 BHS/JRC.  *See*, Report and Recommendation in C13-5182 BHS/JRC Dkt. 71.  Plaintiff's attempt to appeal dismissal in that case was dismissed by the Ninth Circuit as frivolous.  C13-5182 BHS/JRC Dkt. 84.  In a continuum of litigation Mr. Hankerson shifts his litigation to the denial of his tort claim in that matter.  The undersigned finds Plaintiff is acting in bad faith.

Further evidence of Plaintiff's bad faith is found in the proposed amended complaint itself.  Plaintiff seeks to add 12 new claims and numerous new Defendants to this action.  Dkt. 23-1, pp. 33-22.  While some of the claims are related to the original complaint, most are not.  The proposed claims include allegations of postal fraud, Rico and Sherman Act violations, challenges to medical treatment, and challenges to normal prison conditions such as placement in administrative segregation.  *Id*.  Thus, Plaintiff seeks to radically widen the scope of this litigation.  Further, Defendants argue that Plaintiff is pursuing all of his new claims in Thurston County Superior State Court under cause number 13-2-02416-8 and they provide a copy of the complaint from 13-2-02416-8 in support of their argument.  Dkt. 29 Exhibit A.

One of the hallmarks of malicious litigation is the filing of an action that repeats former or pending litigation.  *Phillips v. Carey*, 638 F.2d 207, 208-209 (10th Cir. 1981); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).  Courts discourage litigation of this nature and a defendant who is subjected to such an action may even seek restitution for costs.  *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972) *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).

Plaintiff evidences further bad faith by acknowledging that this will not be the end of his attempts to amend the complaint in this action.  Dkt. 23, p. 2.  The undersigned

finds that Plaintiff's attempt to raise the same issues in this action that he is currently litigating in Superior Court and his acknowledgement that he plans to amend the action repeatedly constitutes malicious litigation brought in bad faith. The undersigned finds that Plaintiff is attempting to amend the complaint in bad faith to harass defendants.

The third factor the undersigned considers is prejudice to the opponent. Defendants show prejudice because plaintiff is seeking to force them to defend the same claims in multiple actions at the same time. The proposed amended complaint and the complaint pending in Thurston County under cause number 13-2-02416-8 clearly reveal plaintiff's intention. Dkt. 23-1 and 29, Exhibit A.

The undersigned offers no opinion on whether any of the claims Plaintiff is currently litigating in Superior Court have merit and thus does not consider if amendment would be "futile." After reviewing Dkt. 23 and the balance of the record, the Court finds and ORDERS as follows:

Plaintiff's motion to amend his complaint, (Dkt. 23) is **DENIED** for the above stated reasons. The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 12 day of August, 2014.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge