UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CULLEN M. HANKERSON,

              Plaintiff,

     v.

DEPARTMENT OF RISK
MANAGEMENT, GREG PRESSEL,
MARY ELLEN COMBO, JOHN DOE,
JANE DOE,

              Defendants.

CASE NO. C13-6036 BHS-KLS

ORDER REGARDING
PLAINTIFF'S OUTSTANDING
MOTIONS

     This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72.  The case is before the undersigned for consideration of three motions filed by Plaintiff, Cullen Hankerson. Mr. Hankerson noted his motions for consideration on August 15, 2014.  Dkt. 30, 31, and 32. Defendants have responded and Mr. Hankerson has replied.  Dkt. 35-41 and 43.  After review of the entire record the undersigned denies in part and grants in part Plaintiff's motions.

1   Mr. Hankerson asks the undersigned to order Defendants to produce discovery (Dkt. 30)

2   and he also seeks to strike Defendant's motion for summary judgment.  Dkt. 31.  In his final

3   motion Mr. Hankerson asks that discovery and the scheduling order be extended for another 120

4   days. Dkt. 32.  The scheduling deadlines in this action have already been extended once by

5   stipulation of the parties.  Dkt. 22.

6        A.    Discovery.

7   Plaintiff asks for production of discovery.  Dkt. 30.  The motion is **denied** because Mr.

8   Hankerson has not followed the Local Rules regarding a motion to compel discovery and

9   because Mr. Hankerson fails to prove that any discovery is outstanding in this case.

10   Local Civil Rule 37(a)(1) requires that Plaintiff meet and confer with counsel prior to

11   bringing a motion to compel.  Plaintiff fails to show that he has meet and conferred with current

12   counsel.  Mr. Hankerson attaches correspondence regarding discovery that he received from

13   Assistant Attorney General Minijares in Thurston County cause number 13-2-00237-7.  Dkt. 30,

14   Appendix B.  When this case was in Thurston County Superior Court it was assigned cause

15   number 13-2-0219-7.  Dkt. 1.  Thus, Mr. Hankerson fails to show that he has met and conferred

16   in this case as required by the Local Rules.  Further when filing a motion to compel the Local

17   Civil Rule requires Plaintiff to set forth the discovery he sought and Defendants' response.  *See*,

18   Local Civil Rule 37(a)(2)(B).  Again Mr. Hankerson fails to comply with the Local Rule and he

19   does not show he actually made any formal discovery requests.

20   Defendants have responded to Plaintiff's motion and allege that there is no discovery

21   outstanding in this action.  Dkt. 36 (declaration of Elizabeth Baker).  The undersigned also notes

22   that Defendants raised the affirmative defense of qualified immunity in the answer (Dkt. 5, p. 3).

23   Normally discover is stayed until the issue of qualified immunity has been addressed.  *Harlow v.*

24   *Fitzgerald*, 457 U.S. 800, 818 (1982).

1    Plaintiff has not contradicted Defendants' assertions that no discovery is outstanding.

2    The undersigned finds that Mr. Hankerson has not shown that he is entitled to a motion to

3    compel discovery and the motion is **denied**.

4    B.    Striking Defendants' motion for summary judgment.

5    Mr. Hankerson asks the undersigned to strike Defendants' motion for summary

6    judgment.  Dkt. 31.  Plaintiff again argues that there is a discovery issue and he alleges that he

7    "notified the defendants' numerous times to establish what discovery was wanted…" Dkt. 31,

8    pp. 1-2.  Defendants state that no discovery is outstanding and Mr. Hankerson did not seek any

9    discovery.  Dkt. 36.  As noted above, Plaintiff failed to come forward with evidence to contradict

10   Defendants' assertions.  Further, as noted above, Defendants raised the affirmative defense of

11   qualified immunity in their answer.  Dkt. 5, p. 3.  "Until this threshold immunity question is

12   resolved, discovery should not be allowed."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

13   Mr. Hankerson's first argument does not provide a reason for striking Defendants' motion for

14   summary judgment.

15   Mr. Hankerson also argues that Defendants' motion is untimely because Plaintiff had

16   filed his amended complaint prior to Defendants moving for summary judgment.  Dkt. 31, p. 2.

17   The undersigned denied Plaintiff's motion to amend his complaint and found that the proposed

18   amendment was improper because Mr. Hankerson sought to add defendants and claims that he

19   was currently litigating in state court and because the proposed amended would unduly expand

20   the scope of this litigation.  Dkt. 42.  Mr. Hankerson again fails to show that the summary

21   judgment motion is untimely or improperly filed.

22   Mr. Hankerson also states that he is in a minimum custody facility with "no" law library.

23   Dkt. 31, p. 3.  While this may be grounds for an extension of time to file a response it is not

24   grounds to strike Defendants' motion.

1   Plaintiff argues that defendants' motion does not comply with the court's rules, but he

2 provides no explanation what rule is violated by the filing of the motion.  Dkt. 31, p. 4.  Instead

3 he argues that the parties agreed to extensions of deadlines and he states discovery was about to

4 begin.  Dkt. 31, p. 5.  Discovery in this action began in federal court when the action was

5 removed from state court.  Further, the undersigned entered a scheduling order in December of

6 2013.  Dkt. 6.  Plaintiff's argument that discovery was about to begin is disingenuous given the

7 Court record.

8   Defendants oppose Mr. Hankerson's motion and cite to Local Rule 7(g) arguing that a

9 motion to strike material should be made as part of a response.  The undersigned understands

10 Defendants' concerns, but Plaintiff seeks to strike the entire motion rather than filing a response.

11 Defendants also state that their motion for summary judgment is timely and that Mr.

12 Hankerson's filing a motion to amend the complaint does not render the summary judgment

13 motion untimely or improper.  Dkt. 39, pp. 6-7.  The undersigned agrees that Defendants'

14 summary judgment motion was filed well in advance of the dispositive motion deadline of

15 October 24, 2014.  Dkt. 39, p. 6 (*citing* Dkt. 22).  The undersigned also finds that Plaintiff's

16 motion to amend the complaint, which has been denied, does not render Defendants' motion for

17 summary judgment untimely.  Accordingly, the undersigned **denies** Plaintiff's motion to strike

18 the Defendants' motion for summary.

19   C.  Continuance of deadlines.

20   Mr. Hankerson asks that all deadlines be extended for 120 days pursuant to Fed. R. Civ.

21 P. 40(e).  Dkt. 32, p. 1.  Fed. R. Civ. P. 40 states:

22   Each court must provide by rule for scheduling trials. The court must give priority
    to actions entitled to priority by a federal statute.

23

24

1   Fed. R. Civ. P. 40(e) does not exist and the undersigned is not sure what authority Mr.

2   Hankerson believes he has for requesting a continuance.  The undersigned has denied Mr.

3   Hankerson's attempt to add claims and defendants from cases that he is litigating in state court

4   (Dkt. 42) and this case is much simpler as a result of that order.  However, the undersigned is

5   mindful that Mr. Hankerson claims he has no access to a law library.  Dkt. 32, pp. 2-4.  Mr.

6   Hankerson has not shown cause for an extension of the scheduling deadlines in this action, but

7   he has shown cause for a brief extension of the deadline to respond to Defendants' motion for

8   summary judgment.  The undersigned **denies** Plaintiff's motion to extend scheduling deadlines,

9   but will give Mr. Hankerson until **September 5, 2014** to file a response to Defendants' motion

10  for summary judgment.  Defendants' reply must be filed on or before **September 12, 2014**.

11  Defendants' motion for summary judgment (Dkt. 24) is re-noted for **September 12, 2014** on the

12  Court's own motion.

13          The Clerk's Office is directed to send Plaintiff a copy of this order and re-note (Dkt. 24)

14  on the Court calendar to September 12, 2014.

15          Dated this 25th day of August, 2014.

16

17                                              Karen L. Strombom

18                                              Karen L. Strombom
                                                United States Magistrate Judge

19

20

21

22

23

24