UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>          Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF RISK MANAGEMENT, et al.,<br><br>          Defendants. | CASE NO. C13-6036 BHS<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS |

This matter comes before the Court on Plaintiff Cullen Hankerson's ("Hankerson") objections to the Magistrate's Order Denying Plaintiff's Motion to Amend His Complaint (Dkt. 46). The Court has considered Hankerson's objections and the remainder of the file and hereby overrules Hankerson's objections for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 4, 2013, Hankerson filed a 42 U.S.C. § 1983 suit against Defendants Department of Risk Management, Greg Pressel, Mary Ellen Combo, John Doe, and Jane

1  Doe ("Defendants") in Thurston County Superior Court.  Dkt. 1.  Hankerson alleges that
2  Defendants violated his civil rights by preventing him from taking his legal materials
3  from county jail to prison.  *Id.*  On December 3, 2013, Defendants removed the action to
4  this court.  *Id.*
5       On November 22, 2013, Hankerson filed another lawsuit based on the same set of
6  facts in Thurston County Superior Court.  Dkt. 29, Declaration of Elizabeth A. Baker
7  ("Baker Dec."), Ex. A.  Hankerson alleges twelve claims against fifteen individuals and
8  two state agencies.  *Id.*
9       On July 14, 2014, Hankerson moved to amend his complaint in this case.  Dkt. 23.
10  Hankerson sought to add the same twelve claims and fifteen individual defendants from
11  his state court case.  *Id.*  On August 15, 2014, United States Magistrate Judge Karen L.
12  Strombom denied Hankerson's motion because (1) Hankerson unduly delayed in filing
13  his proposed amended complaint; (2) Hankerson acted in bad faith; and (3) Defendants
14  would be prejudiced by the amendment.  Dkt. 42.
15       On August 25, 2014, Hankerson filed a Motion to Object to Magistrate's Order
16  Denying Plaintiff's Motion to Amend His Complaint.  Dkt. 46.

## II. DISCUSSION

18       The Court construes Hankerson's motion as an objection to Judge Strombom's
19  Order under Federal Rule of Civil Procedure 72(a).  Rule 72(a) provides that the Court
20  "must consider timely objections and modify or set aside any part of the order that is
21  clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).
22

1   Judge Strombom's denial of Hankerson's motion to amend his complaint is not
2   clearly erroneous or contrary to law. Hankerson waited several months to file his motion
3   to amend, but did not conduct any discovery during that time. Hankerson also seeks to
4   improperly expand the scope of litigation by adding claims that are unrelated to his
5   original complaint. Moreover, Hankerson is already pursuing those new claims against
6   the same fifteen defendants in state court. *See* Baker Dec., Ex. A. Accordingly, Judge
7   Strombom properly denied Hankerson's motion.

### III. ORDER

9   Therefore, it is hereby **ORDERED** that Hankerson's objections to the
10  Magistrate's Order Denying Plaintiff's Motion to Amend His Complaint (Dkt. 46) are
11  **OVERRULED**.

12  Dated this 22nd day of September, 2014.

BENJAMIN H. SETTLE
United States District Judge