UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>            Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF RISK MANAGEMENT, GREG PRESSEL, MARY ELLEN COMBO, JOHN DOE, JANE DOE,<br><br>            Defendants. | CASE NO. C13-6036 BHS-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS AND DIRECTING PLAINTIFF TO FILE A RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

      This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, Fed. R. Civ. P. 72. The case is before the Court upon Mr. Hankerson's motion to present "newly discovered evidence" (Dkt. 52) and Mr. Hankerson's motion to file an amended complaint. Dkt. 56.

      Defendants filed a motion for summary judgment in July of 2014. Dkt. 24. Rather than address defendants' motion, plaintiff filed a series of motions that have delayed consideration of defendants' pending dispositive motion. Plaintiff filed a motion to amend his complaint in July 2014. Dkt. 23. Defendants opposed Mr. Hankerson's motion to amend. Dkt. 28. Plaintiff then filed a motion regarding discovery, a motion to strike the pending summary judgment motion, and a motion for a continuance. Dkt. 30, 31, and 32.

ORDER DENYING PLAINTIFF'S MOTIONS AND
DIRECTING PLAINTIFF TO FILE A RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 1

The undersigned denied Mr. Hankerson's motion to amend the complaint and explained in detail why it was too late to file an amended complaint in this action. Dkt. 42. The undersigned also set forth some of Mr. Hankerson's litigation history and noted that he has had multiple action dismissed as frivolous. *Id*. Careful review of the file disclosed that Mr. Hankerson had nearly half a year to conduct discovery and that he delayed in filing an amended complaint until faced with a dispositive motion. Dkt. 42. pp. 4-6.

Mr. Hankerson objected to the Magistrate Judge's order and the District Judge overruled the objections and affirmed the order on October 20, 2014. Dkt. 59. Prior to the District Court Judge affirming the order, Mr. Hankerson filed the present motion to present new evidence and the motion to "re-file" his amended complaint.

Mr. Hankerson's motion to present new evidence (Dkt. 52), involves his criminal trial and alleged actions of standby counsel. Plaintiff allegations do not involve a named defendant. Nor does plaintiff present any credible evidence that any defendant was aware of trial counsel's alleged actions. Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). The evidence that Mr. Hankerson is trying to admit has little to no relevance to defendants in this action. Mr. Hankerson's motion to present new evidence (Dkt. 52) is **DENIED** as frivolous.

Mr. Hankerson also filed a repetitive motion to amend his complaint. Dkt. 56. The undersigned has already considered and denied a motion to amend the complaint based on bad faith and delay. Dkt. 42. The undersigned finds that Mr. Hankerson's re-filing the motion is

ORDER DENYING PLAINTIFF'S MOTIONS AND
DIRECTING PLAINTIFF TO FILE A RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 2

frivolous and malicious.  The District Court in Delaware considered the malicious standard and stated:

> A separate standard for maliciousness is not as well established. *Deutsch*, 67 F.3d at 1085–87 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). **In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims**. *Id*.; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).

*Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995)(emphasis added).

The repetitive filing of a motion to amend the complaint is plainly abusive and repeats previously lost motions.  Accordingly, Mr. Hankerson's motion to amend the complaint (Dkt. 56) is **DENIED.**

The Plaintiff is **ORDERED** to file a response to defendants' motion for summary judgment on or before **November 14, 2014** or the defendants' motion for summary judgment will be considered without a response from plaintiff.  The undersigned will not entertain any other motion that delays consideration of this dispositive motion.

The undersigned re-notes defendants' motion for summary judgment (Dkt. 24), for consideration on November 21, 2014.

The Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 29th day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS AND DIRECTING PLAINTIFF TO FILE A RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 3