UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>                              Plaintiff,<br>     v.<br><br>DEPARTMENT OF RISK MANAGEMENT, GREG PRESSEL, MARY ELLEN COMBO, JOHN AND JANE DOES<br><br>                              Defendants. | No. C13-6036 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: February 27, 2015** |

Before the undersigned is defendants' motion for summary judgment. Dkt. 24. After full review of the complaint, defendants' motion and attachments, plaintiff's response, and defendants reply the undersigned recommends granting the defendants' motion. Dkt. 1, 24, 26, 61, and 62.

PROCEDURE AND PRIOR LITIGATION

Defendants removed this action from state court. Dkt. 1. In his complaint Mr. Hankerson claims that the defendants violated his civil rights, First Amendment rights, Fourteenth Amendment rights, right of access to courts, and he alleges a failure to train staff. Dkt. 1, p. 13. Plaintiff also alleges a failure to fulfill ministerial duties, a violation of the

REPORT AND RECOMMENDATION - 1

Racketeer Influenced and Corrupt Organizations Act (RICO), a violation of the Washington State Rules of Professional Conduct for attorneys, fraud, and a retaliation claim. Dkt. 1, p. 14. Mr. Hankerson does not provide a factual basis for most of his claims and the complaint is not a model of clarity. Dkt. 1.

    A.      Prior litigation.

Mr. Hankerson filed his first action in Thurston County Superior Court under cause number 12-2-01565-9. He challenged not being able to bring legal materials with him when he was transferred to prison. Mr. Hankerson alleged that he was denied his right to file a direct appeal or litigate in a civil foreclosure action in which he lost his home. Dkt. 26, pp. 17-18. He named the Department of Corrections and the Washington State Corrections Center as defendants in his first action. Mr. Hankerson dismissed this action in July of 2013. Dkt. 26, p. 20.

In January of 2013, while the first action was still pending, Mr. Hankerson filed a writ of mandamus in the Thurston County Superior Court seeking to compel the Department of Risk Management and defendant Pressel to grant and pay his tort claim. Dkt. 26, pp. 22-29. Senior Assistant Attorney General Mary Ellen Combo represented defendants in that action which was dismissed for failure to state a claim. Dkt. 26, pp. 31-2. The Washington State Court of Appeals dismissed a subsequent appeal. Dkt. 26, p. 34.

In February of 2013, Mr. Hankerson filed a third action in Thurston County Superior Court. Mr. Hankerson alleged that Department of Correction officers refused to transport his legal material, and that as a result he was denied access to court in a direct appeal and in a personnel restraint petition. Dkt. 26 pp. 36-41. Mr. Hankerson named a number of defendants in this action, but he did not name either Greg Pressel or Mary Ellen Combo.

REPORT AND RECOMMENDATION - 2

Defendants removed this third action to federal court and it was filed under cause number 13-5182 BHS/JRC.  In granting the defendants' motion for summary judgment, the court held that plaintiff failed to show that the Department of Corrections employees were involved in the action of Pierce County Jail employees who allegedly prevented plaintiff from taking his legal material with him to prison.  The court noted that the record reflects that plaintiff's legal materials were delivered to a person chosen by Mr. Hankerson.  *Hankerson v. Department of Corrections* C13-5182 BHS/JRC (Dkt. 79 therein p. 2).  Thus, the Department of Corrections was not liable for any failure of Mr. Hankerson to obtain his documents.  Further, the court found that a mail room sergeant, who allegedly misdirected two pieces of mail, did not cause Mr. Hankerson to miss any court deadline or adversely impact and any legal decision.  *Id*.  Finally the court found that the Department of Corrections had no duty to train county employees.  *Id*.

On October 4, 2013, while all three of the other actions were pending, plaintiff filed this action in Thurston County Superior Court under cause number 13-2-0219-7.  In this action Mr. Hankerson names as defendants Greg Pressel, the tort claims investigator who denied his tort claim, the Department of Risk Management[1] and Mary Ellen Combo, Senior Assistant Attorney General who represented both the Department of Risk Management and the tort claims investigator in the prior litigation.  Dkt. 1.  Defendants removed the action to this Court.  Dkt. 1. After defendants filed an answer (Dkt. 5), and the Court entered a scheduling order (Dkt. 6), plaintiff attempted to amend his complaint by simply filing a proposed amended complaint without filing and noting a motion to amend as required by Fed. R. Civ. P. 15(a)(2).  Dkt. 8. Months later, knowing that defendants were filing a motion for summary judgment, plaintiff

---

[1] The Department of Risk Management is now the Office of Risk Management within the Department of Enterprise Services.

REPORT AND RECOMMENDATION - 3

filed a motion to amend his complaint and expand the scope of this litigation to include fifteen new defendants. Dkt. 23. The undersigned denied Mr. Hankerson's motion to amend the complaint. Dkt. 42. Mr. Hankerson objected to the order denying his motion to amend and the District Court overruled plaintiff's objections. Dkt. 46 and 55. Mr. Hankerson again attempted to amend the complaint and add fifteen new defendants and additional claims. Dkt. 56. The undersigned denied his motion as frivolous. Dkt. 60.

In Defendants' motion for summary judgment they argue that they are entitled to a summary judgment and an order of dismissal. Defendants raise lack of service of process and personal jurisdiction; failure to state a claim; and that they are entitled to dismissal based on the doctrines of res judicata and/or collateral estoppel.

## STANDARD OF REVIEW

Defendants set forth a number of different standards claiming that their motion is made pursuant to Fed. R. Civ. P. 4(e), 9(b), 12(b), 12(c), 56 (c) and 56 (e). Dkt. 24, p. 1. The Court is treating this as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.2000).

REPORT AND RECOMMENDATION - 4

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). A court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001). This is true even when a party appears *pro se*. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Where the nonmoving party is *pro se*, a court must consider as evidence in opposition to summary judgment all contentions "offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party appearing pro se] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 820 (2005).

**DISCUSSION**

1.  Lack of Service of Process.

When this action was still in state court Mr. Hankerson attempted to serve the complaint by mailing it to defendants. Dkt. 26, p. 56. Washington State law regarding service of process,

REPORT AND RECOMMENDATION - 5

RCW 4.28.080(15), does not provide for service by mail and Mr. Hankerson needed to have a person over the age of eighteen serve a summons and copy of the complaint on defendants or leave the documents at the defendants' usual abode with some person of suitable age. *See*, RCW 4.28.080(15). Thus, the plaintiff's attempt at service of process in state court was insufficient.

Federal law governed service of process once the defendants removed the action to federal court. *Wallace v. Microsoft Corp.,* 596 F.3d 703, 706 (10th Cir. 2010). Plaintiff made no further attempt to serve the defendants. However, only two days after removing the action defendants filed an answer and raised no objection as to personal service. Dkt. 5.

Fed. R. Civ. P. 12(h)(1) states:

(h) Waiving and Preserving Certain Defenses.
 (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
  (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
  (B) failing to either:
   (i) make it by motion under this rule; or
   (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Lack of service of process must be raised as a defense, pursuant to Fed. R. Civ. P. 12(b)(2), either in a responsive pleading, if one is required, or in a motion. The motion must, however, be made before filing the required responsive pleading. The Defendants filed their answer on December 5, 2014 and did not raise lack of service of process as an affirmative defense. The Defendants failed to comply with the rule and they have now waived their objection to lack of service of process. Accordingly, the undersigned recommends denial of defendants' motion for summary judgment on this issue.

\

\

REPORT AND RECOMMENDATION - 6

2. Failure to state a claim.

A. The Department of Risk Management is not a person.

Defendants argue that the Department of Risk Management is not a person for the purpose of 42 U.S.C. § 1983. Dkt. 24, pp. 12-14. Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). 42 U.S.C. § 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Plaintiff's attempt to sue the Department of Risk Management pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights is legally frivolous.

Plaintiff argues that he is imposing liability on the Department of Risk Management through "municipal policy, practice." Dkt. 61, p. 4. A county or city is a person under 42 U.S.C. § 1983 and may be held liable under the municipal liability theory that plaintiff sets forth in his reply. State agencies, however, are not persons. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly plaintiff's attempt to sue the Department of Risk Management is legally frivolous. The undersigned recommends granting the Department of Risk Management's motion for summary judgment on this issue.

B. Eleventh Amendment Immunity.

Defendants also raise Eleventh Amendment immunity as a ground for dismissal of the Department of Risk Management. Dkt. 24, p. 10. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996) *overruled in part by Cent. Va.*

REPORT AND RECOMMENDATION - 7

*Cmty. College v. Katz*, 546 U.S. 356, 363 (2006); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996).

While this immunity would normally prevent Mr. Hankerson from suing the Department of Risk Management in federal court, here, the agency waived Eleventh Amendment immunity from suit by consenting to remove the action from state court. *Embury v King*, 361 F.3d 562, 564 (9th Cir. 2004). As defendant waived this defense, the undersigned does not recommend granting defendants' motion for summary judgment on this basis.

    C.    Failure to plead facts to state a claim.

    1.    Tort investigation.

Defendants argue that plaintiff failed to plead facts to state a claim with regard to any defendant. Dkt. 24, pp. 11-12. To sustain a § 1983 action, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff makes conclusory statements that defendants violated his rights. Dkt. 1 pp. 11-18. Plaintiff states that the defendants are indebted to him in the sum of $87,000,000 each for violating his rights, but he provides no facts to support these allegations. Dkt. 1, pp. 13- 18.

REPORT AND RECOMMENDATION - 8

Plaintiff does state that defendant Pressel failed to properly investigate his claim, but plaintiff fails to show any constitutional right to any particular type of state tort investigation. In the letters defendant Pressel sent to plaintiff, plaintiff was told to provide evidence to support his claim and told it was his duty to provide the evidence. Dkt. 61-1, p. 9-10. Defendant Pressel closed the claim stating that it would be re-opened when evidence was received. *Id*. Upon receipt of a letter from Mr. Hankerson the claim was re-opened and Mr. Pressel subsequently determined that plaintiff failed to show any right to payment. Dkt. 61-1 p. 12. Plaintiff fails to show any violation of any constitutional duty or right owed him. The undersigned recommends granting defendant Pressel's motion for summary judgment on this claim.

2.     First Amendment rights.

Plaintiff states that defendants violated his First Amendment rights. Dkt. 1, p. 13. Plaintiff asserts that defendant Combo retaliated against him by having his mandamus action dismissed. Dkt. 1, p. 16. The Court does not discern any other independent First Amendment claim against any other named defendant. Dkt. 1.

When a prisoner alleges a First Amendment claim of retaliation under § 1983, he must prove five elements: (1) that he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct that gave rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition, the prisoner must show that the retaliation was the substantial or motivating factor behind the conduct of the prison official. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

REPORT AND RECOMMENDATION - 9

Plaintiff fails to show that any adverse action has been taken against him because of his filing litigation. Defendant Combo is an attorney who represented the State's interest against plaintiff in litigation and the State prevailed. The Court is aware of no authority for the proposition that defending a state agency and its employees against legal action constitutes retaliation. In his response to the motion for summary judgment plaintiff alleges that his retaliation claim is against John and Jane Doe Department of Corrections employees (Dkt. 61, pp. 5-6), but those persons were never identified or served in this action and they are not before the Court. Accordingly the undersigned recommends granting defendants' motion for summary judgment on Mr. Hankerson's First Amendment Claim.

      3.      Fourteenth Amendment claims.

Plaintiff alleges defendants violated his Fourteenth Amendment rights (Dkt. 1, p. 13), but he does not specify what actions he alleges violated his rights. *Id*. Dkt. 1. This claim appears to be separate and distinct from Mr. Hankerson's access to court claim which is also brought under the Due Process Clause of the Fourteenth Amendment.

Mr. Hankerson' vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand even a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Mr. Hankerson does not meaningfully address this defect in his complaint in his response to the motion for summary judgment. Dkt. 61. Instead he argues that defendants have not come forward with evidence to support their motion. *Id*. at 1. There is no expressed or implied requirement that defendants support their motion with evidence. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Simply pointing out plaintiff's lack of evidence may be all that is needed to obtain summary judgment. *Id*.

REPORT AND RECOMMENDATION - 10

Plaintiff next argues that defendants only filed a summary judgment motion to avoid amendment of the complaint and discovery. Dkt. 61 p. 1. Plaintiff had over four months to conduct discovery and he did not serve any discovery on defendants. Dkt. 38 (declaration of Elizabeth Baker). Further review of his proposed amended complaint showed the proposed amendment as an attempt to improperly expand the scope of this litigation to include matters that were currently pending in state court. Dkt. 42. Plaintiff fails to show a violation of any right to Due Process secured under the Fourteenth Amendment. Defendants are entitled to summary judgment on plaintiff's Fourteenth Amendment Due Process Claim as a matter of law. Accordingly the undersigned recommends granting defendants' motion for summary judgment.

    4.    Access to courts.

While plaintiff alleges a violation of his right of access to courts, he fails to articulate any facts showing that the three named defendants play any part in providing him with access to courts. None of the named defendants work for the Department of Corrections.

The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id.* at 349. An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts. *Lewis*, 518 U.S. at 350–55 (1996).

REPORT AND RECOMMENDATION - 11

An incarcerated person does not have a free standing right to a law library, and it is prison or jail officials, not the inmate, who chose the manner in which the state fulfills its obligation to provide access to courts. *Storseth v. Spellman*, 654 F.2d 1349 (9th Cir. 1981). Dkt. 1. In this context, prison authorities must assist inmates in the preparation and filing of meaningful legal papers at the initial pleading stage. *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995); *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). Beyond the initial pleading stage, prison officials are not required to provide affirmative assistance as long as they do not improperly interfere with plaintiff's right to litigate. *Silva*, 658 F.3d at 1103.

Plaintiff does not provide a factual basis for an access to courts claim against any of the named defendants. Dkt. 1, pp. 14-18. The defendants do not work for the entity that has the obligation to provide plaintiff with access to courts. Accordingly, the undersigned recommends granting defendants' motion for summary judgment on plaintiff's access to courts claim.

5. Failure to train staff.

Plaintiff fails to articulate any basis for a failure to train staff claim against the named defendants. Dkt. 1. Accordingly the undersigned recommends granting defendants' motion for summary judgment on this claim.

6. Failure to fulfill ministerial duties.

Mr. Hankerson alleges that defendant Pressel failed to conduct a proper investigation of his tort claim. Dkt. 1, p. 14. In Washington State the filing of a tort claim is a prerequisite to bringing an action against the state for the alleged negligent action of a state employee. *See* RCW 4.92.100 and 4.92.110. A plaintiff may file his state action sixty days after the tort claim has been presented even if the plaintiff receives no answer to his tort claim. *Id*. Defendants argue that Mr. Pressel owed no duty to Mr. Hankerson. Dkt. 62, p. 5. The undersigned finds that

REPORT AND RECOMMENDATION - 12

plaintiff failed to come forward with any authority or evidence to support his position that there is a ministerial duty to conduct any certain type of investigation.

In addition, the e-mails and letters Mr. Hankerson attached to his response show that Mr. Pressel's decision to deny plaintiff's tort claim is well reasoned. In letters dated June 13, 2012 and July 25, 2012, Mr. Pressel informed plaintiff that the information from the Transportation Lieutenant is that the Department of Corrections did not prevent Mr. Hankerson from bringing his legal materials with him. Dkt. 61-1, pp. 12 and 14. Additional e-mails Mr. Hankerson provided show a Transportation Lieutenant named Jeff Sanders informing counties as early as September 16, 2011 that county inmates could bring their legal materials with them. Dkt. 61-1, pp. 40-41. The information Mr. Hankerson provides also supports the prior findings and decision of the District Court that the Department of Corrections was not responsible for Mr. Hankerson allegedly not being able to bring his legal material with him from the Pierce County Jail. *See Hankerson v. Department of Corrections*, C13-5182 BHS/JRC. The undersigned concludes that defendants are entitled to dismissal of this claim as plaintiff has failed to come forward with any evidence or authority to support his position. Accordingly, the undersigned recommends granting defendants' motion for summary judgment.

7. A Racketeer Influenced and Corrupt Organizations (RICO) Act violation.

Plaintiff's RICO claims are based on alleged mishandling of mail by post office personnel and Department of Correction's employees. Dkt. 1, p. 17. The claims do not involve any defendants named in this action. *Id*. Accordingly the undersigned recommends granting defendants' motion for summary judgment on this claim.

\

\

REPORT AND RECOMMENDATION - 13

       8.      Washington States Rules of Professional Conduct for attorneys.

Plaintiff attempts to bring an action against Sr. Assistant Attorney General Combo for alleged violations of the Rules of Professional Conduct. Dkt. 1, p. 16. The Washington State Supreme Court has made it clear that the Rules of Professional Conduct were never intended to form a basis for civil liability. *Hizey v. Carpenter*, 119 Wash 2d, 251, 261, 830 P.2d 646 (1992). Plaintiff's attempt to hold defendant Combo liable for an alleged breach of a Rule of Professional Conduct is frivolous. Accordingly, the undersigned recommends granting defendants' motion for summary judgment.

       9.      Fraud.

Plaintiff alleges that Mr. Pressel committed fraud in an attempt to cover up his failure to investigate plaintiff's claim. Dkt. 1, p. 15. Plaintiff also claims that defendant Combo committed fraud in "trying to cover up the mistake made by the agency." Dkt. 1, p. 17.

The elements of fraud are:

1. A representation of an existing fact.
2. Its materiality.
3. Its falsity.
4. The speaker's knowledge of its falsity.
5. The speaker's intent that the statement be acted upon by the person to whom it is made.
6. Ignorance of the falsity of the statement on the part of the person to whom the representation is made.
7. Reliance on the truth of the representation.
8. The right to rely on the representation.
9. Consequent damages.

*Household Finance Corp. of Seattle v. Williams*, 66 Wa.2d 183, 185, 401 P.2d 876, 877-78 (1965). In addition, a plaintiff claiming fraud in federal court faces a heightened pleading standard pursuant to Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with

REPORT AND RECOMMENDATION - 14

particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff alleges that Mr. Pressel did not properly investigate plaintiff's tort claim. Plaintiff asserts that the Public Disclosure Office stated that there was no evidence to show that Mr. Pressel contacted the Department of Corrections. Dkt. 1. p. 15. Plaintiff's statements in the complaint are not particular enough to meet the pleading requirements under Fed. R. Civ. P. 9 and are contradicted by the evidence. The July 25, 2011 letter from Mr. Pressell to Mr. Hankerson shows that he did contacted a Department of Corrections Transportation Lieutenant. Dkt. 61-1, p. 14. Mr. Pressel states that he was informed that as of September 19, 2011 the Department of Corrections began accepting legal materials. Mr. Pressel's statement is corroborated by an e-mail from Lieutenant Jeff Sanders to county facilities stating that the Department of Correction will accept legal materials as of September 19, 2011. Dkt. 61-1. p. 40-41. Thus, all that Mr. Hankerson's evidence shows is that the Public Disclosure Office did not uncover a record documenting that Mr. Pressel contacted the Department of Corrections. The letter and information provided by Mr. Pressel, that plaintiff has placed into the record, directly contradicts plaintiff's allegation of fraud. Plaintiff fails to support his claim that Greg Pressel's statement is false. Accordingly, the undersigned recommends granting defendant Pressel's motion for summary judgment.

Plaintiff's allegation of fraud against defendant Combo is too generalized and ambiguous to state a claim. Dkt. 1, p. 16. Plaintiff fails to plead with particularity the circumstances supporting his allegations and only states that defendant Combo lied to the Court when she stated that she only received the definition of the duties of an investigator level two and not the

REPORT AND RECOMMENDATION - 15

Investigator level one. Plaintiff also alleges defendant Combo lied when she stated that she did not receive a motion for an order of indigency. Dkt. 1. p. 16.

Plaintiff fails to plead any facts regarding the materiality of these statements. Further, plaintiff fails to plead facts showing defendant's knowledge that the statements were false or that any person relied on the statements. The undersigned recommends granting defendants' motion for summary judgment on all claims.

## CONCLUSION

The undersigned recommends granting defendants' motion for summary judgment for the reasons stated above. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 27, 2015,** as noted in the caption.

**DATED** this 4th day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16